Hearing Date and Time: September 26, 2023 at 2:30 PM
Objection Deadline: September 19, 2023 at 3:30 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

155 Chambersfood, Inc. *dba Ipizza NYC*,

Case No: 1-23-42937-nhl

Chapter 11

Debtor.
-------------------------------------------------------X

**NOTICE OF LANDLORD'S MOTION TO DISMISS THIS BAD FAITH PROCEEDING OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT LANDLORD TO CONTINUE THE NON-PAYMENT PROCEEDING**

**PLEASE TAKE NOTICE** that a hearing ("Hearing") to the consider the motion (the "Motion") of Manhattan Realty Company 1, LP ("Landlord"), for an Order pursuant to § 1112(b) of the Bankruptcy Code dismissing this Chapter 11 case on the grounds that the Debtor filed it in bad faith, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor, or in the alternative, pursuant to §§ 105(a) and 362(d) of the Bankruptcy Code, for relief from the automatic stay for Landlord to continue its prepetition state court action to recover possession of 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises"), and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, shall be held be the Honorable Nancy Hershey Lord, Bankruptcy Judge for the United States Bankruptcy Court for the United States Bankruptcy Court for the Eastern District of New York, at 271-C Cadman Plaza East, Brooklyn, NY 11201, **on September 26, 2023 at 2:30 PM.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held via Zoom for Government. Parties wishing to appear at the Hearing must make an eCourt Appearance for the hearing no later than two days prior to the Hearing. Instructions for registering with eCourt Appearances can be found at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court, and shall be served upon (a) counsel for Landlord, Kucker, Marino, Winiarsky, & Bittens, LLP, Attn: Robert Moore, Esq., 747 Third Avenue, 12th Fl., New York, New York 10017; and (b) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **September 19, 2023 at 3:30 PM** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an Order granting the Relief Sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
September 8, 2023

          **KUCKER, MARINO, WINIARSKY, & BITTENS, LLP**

By: _____
    Robert Moore, Esq.
747 Third Avenue, 12th Fl.
New York, New York 10017
rmoore@kuckermarino.com
(212) 869-5030

*Attorneys for Manhattan Realty Company 1, LP*

Hearing Date and Time: September 26, 2023 at 2:30 PM
Objection Deadline: September 19, 2023 at 3:30 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

155 Chambersfood, Inc. *dba Ipizza NYC*,

                        Debtor.

--------------------------------------------------------X

Case No: 1-23-42937-nhl

Chapter 11

### LANDLORD'S MOTION TO DISMISS THIS BAD FAITH PROCEEDING OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT LANDLORD TO CONTINUE THE NON-PAYMENT PROCEEDING

Manhattan Realty Company 1, LP ("Landlord"), by and through its undersigned counsel, hereby files this motion (the "Motion") for an Order pursuant to § 1112(b) of the Bankruptcy Code dismissing this Chapter 11 case on the grounds that the Debtor filed it in bad faith, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor, or in the alternative, pursuant to §§ 105(a) and 362(d) of the Bankruptcy Code, for relief from the automatic stay for Landlord to continue its prepetition state court action to recover possession of 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises"), and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. In support of the Motion, Landlord respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Debtor after being cautioned by Civil Court Judge Ilana Marcus for frivolous conduct designed to impede execution of the warrant of eviction in the underlying commercial non-payment proceeding (*Manhattan Realty Company 1, LP v. 155 ChambersFood, Inc.*, LT-300223-23/NY)("Non-Payment Proceeding") filed its Chapter 11 petition immediately before execution of the warrant to obtain the stay it knew it could not get from Judge Marcus, who ordered "that any future order to show cause filed by [Debtor] requesting a stay or vacatur of a warrant of execution issued upon respondent's default shall be referred to the Hon. Ilana Marcus, New York County Civil Court, and shall attach a copy of the instant decision and order as an exhibit thereto." *See* Exhibit 1.

2. In the Non-Payment Proceeding, debtor unequivocally agreed, in a two-attorney stipulation of settlement So-Ordered by the Court, to pay the monthly rent called for by the Lease ($17,250) on or before the 1st of each month, and for the $101,000 arrearage, to pay $16,750 by May 11, 2023 and $4,680.55 on or before the 1st of each month *in addition to the monthly rent*. *See* Stipulation attached as Exhibit 2; Lease attached as Exhibit 3. Debtor timely tendered the $16,750 due on May 11, 2023, but on June 1, 2023, Debtor refused to pay the monthly rent called for in the Lease, frivolously claiming it was not clear that Debtor had to timely pay monthly rent for the commercial premises it possessed and operated as a pizza parlor. Judge Marcus rejected that assertion and cautioned Debtor by directing it to read Rule 130-1.1's prohibition on frivolous conduct. *See* Exhibit 1.

3. On July 21, 2023, a monetary judgment in the amount of $84,250 plus 9% interest was entered against Debtor, together with a judgment of possession and warrant of eviction, with an Earliest Execution Date ("EED") of July 31, 2023. *See* Exhibit 4. The Marshal's 14-day Notice

was served on Debtor on August 4, 2023, with the eviction set for August 21, 2023. On August 17, 2023, immediately before the Marshal was set to execute on the warrant, Debtor filed its Chapter 11 petition, and e-filed a Notice of same in the Non-Payment Proceeding.

4. The timing of the filing of Debtor's Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filings was a litigation tactic to obtain a temporary delay of the inevitable execution on the warrant of eviction. Debtor's sole or principal asset is the Lease and its financial condition is, in essence, a two-party dispute between the Debtor and the Landlord, which has already been resolved in the Non-Payment Proceeding and which Debtor seeks to re-litigate in this forum. The Debtor's subjective bad faith in filing this Chapter 11 case is indisputable.

5. While Landlord firmly believes the Debtor does not have any plan to re-organize, to the extent it does, such efforts would be objectively futile. Debtor is a pizza parlor which listed its *gross annual income* in 2022 as $28,620. *See* Petition attached as Exhibit 5, Form 206A/B. The *monthly rent* is $17,250, and will only increase. Debtor's principal asset is the Lease which it cannot afford and it has less than $3,000 in liquid assets and $25,000 in machinery / equipment. Debtor has no income or business outside pending litigation, and Debtor's only real business is to litigate with Landlord. In addition, simply by Debtor filing its petition, Landlord now has the right to cancel the already terminated lease and declare the unexpired portion of the lease due and owing, pursuant to the formula specified in Article 16 therein. *See* Exhibit 3. Objectively, Debtor cannot succeed in using re-organization to pay its debts.

6. Even if the Court declines to dismiss the petition, it should, in the alternative, lift the automatic stay. At the time the petition was filed, Debtor did not perform its obligation to pay rent from and after the order for relief (i.e., the Petition Date), and did not seek any extension of

time to do so.  Further, Debtor did not provide Landlord with adequate protection.  Finally, to assume the Lease, the Debtor was obligated to cure any pre-existing defaults, or at least provide adequate assurance that it can promptly cure them.  Here, the Debtor is hopelessly insolvent, listing its liquid assets as less than $3,000 but Landlord having a monetary judgment against it of $84,250 plus 9% interest and owing Landlord additional pre-petition rental arrears (June, July, and August) in the amount of $51,750[1].  *See* Petition attached as Exhibit 5, Form 206A/B, page 5.  Again, Debtor listed its *gross annual income* in 2022 as $28,620.  It cannot make in one year what it has to make in one month to satisfy its rental obligations.

7. Debtor has not paid post-petition rent ($17,250 base rent for September) because it cannot.  Landlord will be irreparably harmed by continuance of the stay.  Debtor, against whom there is already a judgment of possession and warrant of eviction, seeks merely to use the Premises to extract as much cash as possible without paying Landlord for its use.

## **BACKGROUND**

8. Landlord is the owner and landlord of the Premises known as 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises").

9. Debtor was a commercial tenant of the Premises pursuant to a ten-year lease dated April 23, 2022.  *See* Lease attached as Exhibit 3.  The Lease obligated Debtor to pay monthly rent.  Landlord gave Debtor two-months rent-free but as soon as Debtor had to pay rent, he defaulted by not paying timely.

10. Debtor failed to pay rent for November 2022, December 2022, or January 2023.  Accordingly, Landlord commenced the Non-Payment Proceeding in Civil Court on January 6, 2023.

---

[1] This does not include the additional $4,680.55 that Debtor owes each month pursuant to a so-ordered Stipulation of Settlement as payment towards the outstanding arrears.

11. The parties executed a two-attorney, So-Ordered Stipulation of Settlement ("Stipulation"). Debtor breached that Stipulation by not paying the monthly rent it agreed to pay, frivolously claiming the Stipulation was unclear.

12. Landlord applied for a judgment of possession and warrant of eviction based on Debtor's default, and Debtor made a frivolous motion for a declaration of what the Stipulation plainly says. The Civil Court denied Debtor's motion and cautioned Debtor against frivolous conduct, and directed that all applications to stay execution of the warrant must be made to the Civil Court Judge, individually.

13. On July 21, 2023, the monetary judgment and judgment of possession with a warrant of eviction were entered, with the warrant of eviction stayed until July 31, 2023.

14. On August 4, 2023, the Marshal served a 14-day notice of eviction, with an eviction date of August 21, 2023.

15. On August 17, 2023, immediately before the execution of the warrant, Debtor forum-shopped knowing that Judge Marcus would decline to sign any order to show cause, and instead, filed its Chapter 11 petition in bad faith.

## **ARGUMENT**

### **THE PETITION SHOULD BE DISMISSED OR IN THE ALTERNATIVE, THE AUTOMATIC STAY LIFTED**

16. Section 1112 of the Bankruptcy Code governs the conversion or dismissal of a case under Chapter 11. It states, in part, that:

> the court shall convert a case under this chapter to a case under chapter 7 or dismiss case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Subsection (b)(4) sets forth sixteen examples of "cause" for relief under § 1112(b). "It is important to note that this list is illustrative, not exhaustive." *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, 113 F.3d 1304, 1311 (2d Cir. 1997). Although "bad faith" is not among the examples listed therein, "[i]t is well settled that the filing of a bankruptcy petition in bad faith constitutes 'cause' for dismissal or conversion of a case under the Bankruptcy Code section 1112(b)." *In re Artisanal 2015, LLC*, 2017 Bankr. LEXIS 3813 at * 26 (Bankr. SDNY 2017)(citing *In re Ancona*, No. 14-10532, 2016 Bankr. LEXIS 4114, at *9 (Bankr. S.D.N.Y. Nov. 30, 2016); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 334 (Bankr. S.D.N.Y. 2001) ("Cause, for either dismissal or relief from the stay, may be found based on unenumerated factors, including 'bad faith[.]'"); *In re Reyes*, No. 14-13233, 2015 Bankr. LEXIS 2575, 2015 WL 4624156, at *4 (Bankr. S.D.N.Y. Aug. 4, 2015) (noting that under § 1112(b), "the court may convert or dismiss a case that was filed in bad faith."); *In re Schur Mgmt. Co., Ltd.*, 323 B.R. 123, 127 (Bankr. S.D.N.Y. 2005) ("It is not contested . . . that there exists a general good faith requirement under which Chapter 11 petitions can be dismissed for having been filed in bad faith.")). The rationale for dismissing a case filed in bad faith "is that if a petition is not filed in good faith, it is an abuse of judicial process or of the jurisdiction of the bankruptcy court." *In re Artisanal 2015, LLC*, 2017 Bankr. LEXIS at *27 (citing I*n re Kingston Square Assocs.*, 214 B.R. 713, 724 (Bankr. S.D.N.Y. 1997) (citations omitted)). This Court "has wide discretion to determine if cause exists [under §1112(b)] and how to ultimately dispose of the case." *Id*. (citing *In re Gucci*, 174 B.R. 401, 404 (Bankr. S.D.N.Y. 1994)).

17. A petition is filed in bad faith "if it is clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *Baker v. Latham Sparrowbush Assocs.*

*(In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir. 1991); *accord In re General Growth Props., Inc.*, 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2009) (noting that "'[t]he standard in this Circuit is that a bankruptcy petition will be dismissed if both objective futility of the reorganization process and subjective bad faith in filing the petition are found.'") (quoting *In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997)). The moving party bears the burden of establishing "cause" under § 1112(b). *See, e.g., In re Adbrite Corp.*, 290 B.R. 209, 214 (Bankr. S.D.N.Y. 2003); *In re Pulp Finish 1 Co.*, 12-13774, 2013 Bankr. LEXIS 4139, 2013 WL 5487933, at *1 (Bankr. S.D.N.Y. October 2, 2013). "Once the movant has met both the objective and subjective prongs, a rebuttable presumption of bad faith arises and the burden shifts to the debtor 'to establish good and sufficient reasons why the relief should not be granted.'" *Squires Motel, LLC v. Gance*, 426 B.R. 29, 34 (N.D.N.Y. 2010) (quoting *In re Yukon Enters., Inc.*, 39 B.R. 919, 921 (Bankr. C.D. Cal. 1984)). That is to say that the "debtor must demonstrate that 'unusual circumstances' exist establishing that 'dismissal is not in the best interests of creditors and the estate.'" *Id*. at 35 (quoting 11 U.S.C. § 1112(b)(1)-(2)).

18. In *C-TC 9th Ave. Pshp. v. Norton Co. (In re C-TC 9th Ave. Pshp.)*, 113 F.3d 1304, 1311 (2d Cir. 1997), the Second Circuit identified the following eight factors, or "badges," (the "C-TC Factors"), the presence of which would be indicative of subjective bad faith:

(1) The debtor has only one asset;

(2) The debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;

(3) The debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;

(4) The debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

  (5) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

  (6) The debtor has little to no cash flow;

  (7) The debtor can't meet current expenses including the payment of personal property and real estate taxes; and

  (8) The debtor has no employees.

Application of these factors compels the conclusion that Debtor filed its petition in bad faith.

  19. There is no dispute that Debtor's sole or principal asset is the Lease and its financial condition is, in essence, a two-party dispute between the Debtor and the Landlord, which has already been resolved in the Non-Payment Proceeding and which Debtor seeks to re-litigate in this forum. Debtor's only other unsecured creditor is ConEd. The timing of the filing the petition is such that there can be no doubt that the primary, if not sole, purpose of the filings was a litigation tactic to obtain a temporary delay of the inevitable execution on the warrant of eviction. Debtor has little cash flow and certainly not enough to meet its monthly rental obligations. Accordingly, the Court should find that Landlord established the Debtor's subjective bad faith.[2] *See e.g. In re Artisanal 2015, LLC*, *supra*.

  20. To the extent Debtor has any plans to re-organize—which Landlord strongly doubts—such efforts would be objectively futile. The fact remains that Debtor's gross annual income is insufficient to meet its monthly rental obligations. Not to mention that Landlord has a monetary judgment against Debtor in the amount of $84,250 plus 9% interest, and even pre-petition, Debtor owes Landlord an additional $51,750. Debtor has no income or business outside

---

[2] Additional evidence of Debtor's bad faith is seeking to venue this New York County case in the Eastern District of New York based on Debtor's purported principal place of business at 2229 Knapp Street, #4A, Brooklyn, New York, which upon information and belief is a residential apartment. Further, the principal of Debtor—Francesco Lamotta—has invoked the jurisdiction of the bankruptcy court before regarding a different restaurant, in a case which ended in dismissal of the Debtor's petition. *See In Re Café Amore of New York Restaurant, Inc*., 11-13705-smb, Doc. Nos. 1 and 29.

pending litigation, and Debtor's only real business is to litigate with Landlord. *See e.g. In re Syndicom Corp.*, 268 B.R. 26 (Bankr. SDNY 2001). Debtor has not paid post-petition base rent and cannot do so.

21. Because Debtor's petition was filed in bad faith and any plans to re-organize would be objectively futile in this case, and the Debtor is a frivolous filer seeking to delay the inevitable execution of the warrant, the Court should enter an Order, pursuant to § 1112(b) of the Bankruptcy Code, dismissing this Chapter 11 case on the grounds that the Debtor filed it in bad faith, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor.

22. In the event the Court declines to dismiss the Petition, it should still lift the automatic stay. *In re Payam, Inc.*, 642 B.R. 365 (Bank. SDNY August 10, 2022) is squarely on point. There, like here, the commercial tenant Debtor filed its petition immediately before Landlord could execute on the warrant of eviction. The Court lifted the automatic stay for several reasons. First, the Court held that the Debtor was obligated by section 365(d)(3) of the Bankruptcy Code to "timely perform all the obligations of the debtor" including those arising under an unexpired lease (11 U.S.C. § 365(d)(3)), and in the alternative, the Debtor could have made a motion to "extend, for cause, the time for performance of any . . . obligation that arises within 60 days" of the Petition Date. The Debtor—like the Debtor here—did neither of these things. *See id.*

23. Second, the Court held that to avoid having the automatic stay lifted, the Debtor was required to provide the Landlord with "adequate protection." *See id.* Debtor did not do so there, just as the Debtor does not and cannot do so here.

24. Finally, the Court held that to assume an unexpired lease, the Debtor was obligated to cure any preexisting defaults, or at least provide adequate assurance that it can promptly cure them under section 365(b)(1) of the Bankruptcy Code. *Id*. There, like here, the Debtor was hopelessly insolvent, without any realistic ability to cure its substantial prepetition defaults. According, the Court lifted the automatic stay. The same result should obtain here.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that this Court enter an Order pursuant to § 1112(b) of the Bankruptcy Code dismissing this Chapter 11 case on the grounds that the Debtor filed it in bad faith, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor, or in the alternative, pursuant to §§ 105(a) and 362(d) of the Bankruptcy Code, for relief from the automatic stay for Landlord to continue its prepetition state court action to recover possession of 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises"), and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. A Copy of the Proposed Order of Dismissal is attached hereto as Exhibit 6; a copy of the Proposed Order lifting the automatic stay is attached hereto as Exhibit 7.

Dated: New York, New York
      September 8, 2023

**KUCKER, MARINO, WINIARSKY, & BITTENS, LLP**

By:_____
    Robert Moore, Esq.
747 Third Avenue, 12th Fl.
New York, New York 10017
rmoore@kuckermarino.com
(212) 869-5030

*Attorneys for Manhattan Realty Company 1, LP*