Hearing Date and Time: September 26, 2023 at 3:30 PM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

155 Chambersfood, Inc. *dba Ipizza NYC*,

Case No: 1-23-42937-nhl

Chapter 11

Debtor.
-------------------------------------------------------X

**REPLY TO DEBTOR'S OBJECTIONS LANDLORD'S MOTION TO DISMISS THIS BAD FAITH PROCEEDING OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT LANDLORD TO CONTINUE THE NON-PAYMENT PROCEEDING**

Manhattan Realty Company 1, LP ("Landlord"), by and through its undersigned counsel, hereby files this Reply to Debtor's Objections to Landlord's motion (the "Motion") for an Order pursuant to § 1112(b) of the Bankruptcy Code dismissing this Chapter 11 case on the grounds that the Debtor filed it in bad faith, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor, or in the alternative, pursuant to §§ 105(a) and 362(d) of the Bankruptcy Code, for relief from the automatic stay for Landlord to continue its prepetition state court action to recover possession of 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises"), and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.  In further support of the Motion, Landlord respectfully represents as follows:

[5459-0004/1733814/1]

**The Bad-Faith Petition Should Be Dismissed**

1. While the Landlord bears the initial burden to make a *prima facie* showing to support the allegation of bad faith, the ultimate burden rests on the Debtor to demonstrate good faith. *See In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 1991)("once the good faith of a debtor is called into question, the burden shifts to the debtor to demonstrate that the petition was filed in good faith"). Here, there is no serious dispute that Landlord sufficiently showed that Debtor filed its Petition in bad faith, and Debtor has not controverted that showing, let alone demonstrated that its Petition was filed in good faith. Moreover, Landlord sufficiently showed that Debtor's reorganization efforts would be objectively futile.

2. Debtor's "Opposition" to Landlord's Motion to dismiss is fact-free. Debtor does not submit a declaration from its principal, Francesco Lamotta, and Debtor's counsel proffers only vague, self-serving assertions regarding Debtor's future intent to re-organize, all of which are belied by the record. Debtor does not dispute that it was previously cautioned against sanctionable conduct in the underlying Non-Payment Proceeding, and Debtor does not apply the C-TC Factors because they all cut against Debtor in this single-asset case filed on the eve of Landlord's execution of the warrant of eviction, where Debtor never could and cannot afford the monthly rent.

3. Debtor makes several representations of fact which are demonstrably false, including, *inter alia*:

(i) Debtor claims it "is a pizza parlor in a busy area, that was adversary affected by the Covid pandemic" (Doc. No. 22, ¶ 10). But Debtor's business was not shut down or adversely affected by the Covid pandemic, because it took possession in May 2022 and has been open for business the entire time. *See* Declaration of Robert Moskowitz submitted herewith;

(ii) Debtor claims that "[t]here came a time when the Debtor became unable to make timely rental payments to the Movant…" (Doc. No. 22, ¶ 10). But Debtor never made a timely

rental payment through the course of its occupancy.  Debtor's first payment of rent was due August 1, 2022 and it was late, as were its September & October 2022 rent payments.  Debtor never paid November 2022 rent and has been operating his business rent-free since November 2022 (with the exception of one payment made in February 2023 and one payment made in May 2023).  Throughout the entire Non-Payment Proceeding, which lasted from January 2023 through May 2023, Landlord offered Debtor multiple opportunities to enter into payment plans, all of which were rejected by Debtor because it insisted it could not afford the rent.  When Debtor ultimately agreed to a payment plan in May 2023 to settle the case, Debtor defaulted on June 1st.  Debtor has no intention of paying rent unless Landlord grants a significant rent reduction for the entire duration of the lease, and Debtor said so repeatedly in the Non-Payment Proceeding.  *See* Declaration of Robert Moskowitz;

    (iii)    Debtor's claim that "it is certain that the Debtor herein can continue post (*sic*) petition rental or use and occupancy payments" (Doc. No. 22, ¶ 12) is flatly contradicted by the fact that Debtor has asserted on multiple occasions that it cannot afford the rent set forth in the lease agreement.  *See* Declaration of Robert Moskowitz   Debtor had five months rent-free to operate its business between November 2022 and May 2023 and still could not pay rent on June 1st because Debtor claimed it did not have the money.  Debtor has not paid rent for June, July, August, or September 2023, in addition to the five prior months Debtor missed.  *See id*.  Debtors' own submissions to this Court further corroborate the fact that Debtor could not and cannot pay the monthly rent of $17,250.  Debtor listed its *gross annual income* in 2022 as $28,620 (Doc. No. 1), and on September 22, 2023, and filed a report for August 2023—the month in which it filed its Petition—that shows its total cash receipts was $14,537.62 (Doc. No. 24), which is several thousand dollars *less* than Debtor's monthly rental obligation; and

(iv) Debtor claims it never engaged in any wrongdoing, never filed for bankruptcy before, filed this bankruptcy proceeding for the purpose of negotiating a deal with Landlord, and filed it "not prior to any other impending judicial measures" (Doc. No. 22, ¶ 20). Debtor has been violating the terms of its lease agreement since November 2022 by missing 9 out of the last 11 rent payments owed; Debtor's principal has a history of bankruptcy filing (e.g., *In Re Café Amore of New York Restaurant, Inc.*, 11-13705-smb, Doc. Nos. and 29); Debtor rejected every deal offered to it over the last year by repeatedly insisting Debtor cannot afford the rent in the lease agreement, and Debtor defaulted on the first rental payment in the two-attorney, So-Ordered stipulation in the Non-Payment Proceeding which led to the prior judicial measure of a caution against Debtor's sanctionable conduct and entry of a judgment of possession and warrant of eviction, which by filing its Petition Debtor sought to stay as a litigation tactic. *See* Affidavit of Robert Moskowitz.

4. Contrary to Debtor's counsel's threat, there is no legal or factual basis to vacate the judgment of possession with warrant of eviction, nor does Debtor's counsel identify one.

5. There is no serious dispute that Debtor filed its Petition in bad faith and Debtor's reorganization efforts—about which Debtor offers no specific facts or details—would be objectively futile. Therefore, pursuant to § 1112(b) of the Bankruptcy Code, this Chapter 11 case should be dismissed, with a prohibition on re-filing pursuant to §§ 105(a) and 349(a) of the Bankruptcy Code, and for a declaration that, pursuant to § 362(b)(10) and/or § 362(n)(1)(B) of the Bankruptcy Code, the automatic stay does not apply to prevent acts to recover possession of the Premises occupied by the Debtor.

### In The Alternative, The Automatic Stay Should Be Lifted

6. As stated in Landlord's original motion, *In re Payam, Inc.*, 642 B.R. 365, 369 (Bankr. S.D.N.Y. August 10, 2022) compels the conclusion that the automatic stay should be lifted

here.  "At the time the petition is filed, the debtor is required to 'timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . .'" *Id*. (citing § 365(d)(3)). While "[t]he court is permitted to 'extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period,'" here the Debtor did not perform its obligation to pay rent from and after the order for relief (i.e., the Petition Date) and did not seek any extension of time to do so.  *See id*.  Further, to avoid having the automatic stay lifted, the Debtor was required to provide the Landlord with "adequate protection."  *See id*.  It did not do so here.  Finally, to assume an unexpired lease, the Debtor was obligated to cure any preexisting defaults, or at least provide adequate assurance that it can promptly cure them under section 365(b)(1) of the Bankruptcy Code.  *See id*.  Here, the Debtor is hopelessly insolvent and has no realistic ability to cure its substantial prepetition defaults.

7. Debtor does not seriously dispute that branch of Landlord's motion which seeks to lift the automatic stay, but instead, focuses solely on Debtor's "bad faith."  But as *In re Payam, Inc.*, *supra*, makes clear, the automatic stay can and should be lifted irrespective of whether Debtor filed its Petition in bad faith.   Debtor does not deny that it failed to make the required payments or move for an extension, and Debtor proffered no specific facts regarding providing Landlord with adequate protection or any assurance that Debtor could promptly cure pre-existing defaults.  Debtor's own filings contradict its attorney's hopes that at some undisclosed point in the distant future, Debtor will eventually be able to pay its monthly rent.  But that is not sufficient.

8. Accordingly, and strictly in the alternative, pursuant to §§ 105(a) and 362(d) of the Bankruptcy Code, the Court should enter an Order for relief from the automatic stay for Landlord

to continue its prepetition state court action to recover possession of 155 Chambers Street, East Store and East Basement, New York, New York 10007 ("Premises"), and waiving any stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

For these reasons, and the reasons previously cited in Landlord's original Motion, the Court should grant Landlord's motion to dismiss or in the alternative, lift the automatic stay, with what other relief the Court deems just and proper.

Dated: New York, New York
September 25, 2023

**KUCKER, MARINO, WINIARSKY, & BITTENS, LLP**

By:_____
Robert Moore, Esq.
747 Third Avenue, 12th Fl.
New York, New York 10017
rmoore@kuckermarino.com
(212) 869-5030

*Attorneys for Manhattan Realty Company 1, LP*